Matthew D. Lamb
Nevada Bar No. 12991
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Telephone:  702.471.7000
Facsimile:  702.471.7070
lambm@ballardspahr.com

Matthew A. Morr (admitted *pro hac vice*)
BALLARD SPAHR LLP
1225 Seventeenth Street, Suite 2300
Denver, Colorado  80202-5596
Telephone:  303.292.2400
Facsimile:  303.296.3956
morrm@ballardspahr.com

*Attorneys for Defendant*
*Specialized Loan Servicing LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SUZANNE L. WALSH,<br><br>   Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING LLC, MORTGAGE SERVICE CENTER, and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>   Defendants. | CASE NO. 2:15-cv-02353-GMN-GWF<br><br>[CASE NO. 2:15-cv-02354-GMN-GWF]<br><br>**STIPULATION AND PROTECTIVE ORDER** |

Pursuant to F.R.C.P. 26(c). Suzanne L. Walsh ("Walsh"), Specialized Loan Servicing LLC ("SLS") and Experian Information Solutions, Inc. ("Experian") (collectively, the "Parties") hereby stipulate and agree to the following Protective Order, agree to be bound by its terms as of the date of this filing and request that this Court enter it as an order of the Court[1]:

---

[1] Plaintiff has not produced any documents that would be subject to this Protective Order and does not intend to produce any documents that would be subject to this Protective Order.  The Parties have met in good faith and Plaintiff has agreed to stipulate to this Protective Order and agrees to be bound by its terms to the extent that it does not conflict with this Court's March 31, 2016 Order (Doc. 32) in *Jones v. Bank of West*, Case No. 2:15-cv-1930 ("*Jones*").

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential and proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all CONFIDENTIAL information (as defined in paragraph 3 below) in this case, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information either party or any non-party discloses pursuant to the disclosure or discovery duties the Federal Rules of Civil Procedure create.

2. As used in this Protective Order, the term "document" is defined as provided in F.R.C.P. 34(a)(1). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential, proprietary, personal financial information and/or implicates common law or statutory privacy interests of the parties to this litigation entitled to protection under F.R.C.P. 26(c).

4. Any party may designate information as CONFIDENTIAL by:

   (a) Imprinting the word "CONFIDENTIAL" on each page of a document;

   (b) Imprinting the word "CONFIDENTIAL" next to or above any response to a discovery request;

   (c) With respect to native electronic documents (such as an excel spreadsheet), either: (i) by including "CONFIDENTIAL" in the title of the document; or (ii) providing a log stating what information, data, or documents shall be treated as CONFIDENTIAL;

   (d) With respect to transcribed testimony, either: (i) by making such a designation on the record during the depositions or other proceeding; or (ii) by

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

giving written notice to opposing counsel designating all or part of any deposition transcript testimony "CONFIDENTIAL" no later than 14 calendar days after receiving notice from the court reporter of the completion of the transcript. Prior to the expiration of the 14 calendar day period described in Paragraph 4(d)(ii), the transcribed testimony shall be deemed CONFIDENTIAL.

5.  CONFIDENTIAL information shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever. Individuals authorized to review CONFIDENTIAL information shall hold it in confidence and shall not divulge the CONFIDENTIAL information, either verbally or in writing, to any other person, entity or government agency unless the Court orders that individual to do so.

6.  CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the prior written consent of the party producing it or further Order of the Court, be disclosed, either directly or indirectly, to anyone other than:

(a) Attorneys actively working on this litigation;

(b) Persons regularly employed or associated with the attorneys actively working on this litigation whose assistance those attorneys require for purposes of this litigation;

(c) The parties (including designated representatives for each party);

(d) Expert witnesses and consultants the parties retain for purposes of this litigation, to the extent such disclosure is necessary for preparation, trial or other proceedings in this civil action;

(e) The Court and its employees ("Court Personnel");

(f) Stenographic reporters and videographers who participate in a deposition, trial or other proceedings necessarily incident to the conduct of this litigation; and

(g)     Deponents, witnesses or potential witnesses.

7.     Before disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form set forth on Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if opposing counsel demonstrates good cause for review.  If a party wishes to show a third-party deposition witness CONFIDENTIAL information based on a good faith belief that the witness can provide information that would be properly discoverable in this case, and that witness refuses to sign the written acknowledgment, counsel may disclose CONFIDENTIAL information to the deposition witness only after:  (a) noting the witness' refusal on the deposition record, (b) providing the witness with a copy of this Order, and (c) informing the witness that the information to be communicated is Confidential, subject to the Protective Order in this action, may be used only in connection with that deposition and may not be communicated to any other person, and that any misuse of the CONFIDENTIAL information will violate the Court's Order.

8.     In the event a party wishes to submit CONFIDENTIAL information or the contents of the CONFIDENTIAL information to the Court, the party filing the document shall make the filing under seal in accordance with all instructions of the Court and LR IA 10-5, including filing an accompanying motion for leave to file the designated document under seal and stating on the first page, directly under the case number "FILED UNDER SEAL UNDER COURT ORDER (ECF No. ___)" with a reference to the ECF No. of the Court Order adopting this Protective Order.  To the extent that the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection under this Stipulated

Protective Order, the movant must notify the opposing party (or non-party) at least seven days prior to filing the designated document. The designating party must then make a food faith determination if the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record. In the event of an emergency motion, the above procedures shall not apply. Instead, the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three days of its filing. If the designating party fails to timely file such a declaration, the Court may
order the document filed in the public record.

All materials filed under seal shall be treated as CONFIDENTIAL and released from CONFIDENTIAL treatment only upon further order of the Court. To the extent the Court may deny the motion to place the document under seal, the other parts of this Stipulated Protective Order remain applicable in regards to that document. To the extent the under seal designation of the filing is rejected, the filing party shall take reasonable steps to have the CONFIDENTIAL information placed under seal, including contacting the clerk. If the filing party's efforts do not result in the filing being placed under seal, it shall be the responsibility of the designating party to file a motion to place the CONFIDENTIAL information under seal pursuant to this Protective Order. The rejection of an under seal filing will not constitute a violation of the Protective Order or constitute a waiver of the confidentiality of

1  CONFIDENTIAL information, and the parties shall in any event continue to treat
2  the CONFIDENTIAL information as having CONFIDENTIAL status and
3  protections.

4      9.    No copies of CONFIDENTIAL information shall be made except as
5  required for purposes of this litigation.

6      10.    A party may object to the designation of particular CONFIDENTIAL
7  information by giving written notice to the party designating the disputed
8  information. The written notice shall identify the information to which the objection
9  is made. The parties shall then, in good faith and on an informal basis, attempt to
10 resolve the dispute. If the parties cannot resolve the objection within twenty-one (21)
11 business days after the time the notice is received, the designating party shall move
12 the Court requesting that the Court determine whether the disputed information
13 should be subject to the terms of this Protective Order or for such other protections.
14 The party designating the information CONFIDENTIAL shall bear the burden of
15 establishing that good cause exists for the disputed information to be treated as
16 CONFIDENTIAL. If such a motion is timely filed, the disputed information shall
17 continue to have CONFIDENTIAL status until the Court rules on the disclosure
18 motion. If the designating party fails to file such a motion within the prescribed
19 time, the disputed information shall lose its CONFIDENTIAL designation.

20     11.    By agreeing the entry of this Protective Order, the parties adopt no
21 position as to the authenticity or admissibility of documents produced subject to it.

22     12.    Within sixty (60) days after the final termination of this litigation,
23 including all appeals, each party shall return all CONFIDENTIAL documents; all
24 extracts, abstracts, charts, summaries, notes or copies of CONFIDENTIAL
25 documents to the designating party, excluding any materials that, in the good faith
26 judgment of counsel, are attorney work product..

27     13.    The termination of this action shall not relieve counsel or other persons
28 obligated under this Protective Order from their responsibility to maintain the

confidentiality of CONFIDENTIAL information and documents. The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

14. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to: (a) the manner in which CONFIDENTIAL information and documents shall be treated at trial; or (b) whether particular information should be deemed non-confidential.

15. The Court may modify this Protective Order at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: __August 1__, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

APPROVED AS TO FORM BY:

DATED: July 28, 2016.            **KAZEROUNI LAW GROUP APC**

                                 s/ Michael Kind
                                 Michael Kind
                                 *Attorneys for Plaintiff*

DATED: July 28, 2016.            **BALLARD SPAHR LLP**

                                 s/ Matthew A. Morr
                                 Matthew A. Morr
                                 *Attorneys for Defendant*
                                 *Specialized Loan Servicing LLC*

DATED: July 28, 2016.            **SNELL & WILMER LLP**

                                 s/ V.R. Bohman
                                 Bob L. Olson
                                 V.R. Bohman
                                 *Attorneys for Defendant*
                                 *Experian Information Solutions, Inc.*

# EXHIBIT A

# AFFIDAVIT

STATE OF _____ )
                                ) ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1.  I have *read the* STIPULATION AND PROTECTIVE ORDER (the "Protective Order") in *Walsh v. Specialized Loan Servicing LLC, et al.*, a copy of which is attached to this Affidavit.

2.  I have been informed by _____, counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.  I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.  For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the litigation referenced above.

5.  I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address: _____

_____

Telephone No.: (\_\_\_)_____

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070