Michael Kind, Esq. (SBN: 13903)
KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

David H. Krieger, Esq. (SBN: 9086)
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SUZANNE L. WALSH,<br><br>          Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., CAPITAL ONE BANK (USA), N.A., SPECIALIZED LOAN SERVICING, LLC, EQUIFAX INFORMATION SERVICES, LLC, MORTGAGE SERVICE CENTER, ROUNDPOINT MORTGAGE and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>          Defendants. | Case No.:2:15-cv-02353-GMN-GWF<br>Member: 2:15-cv-02354-GMN-GWF<br><br>**STIPULATION FOR LEAVE TO AMEND COMPLAINT** |

*KAZEROUNI LAW GROUP, APC*
*7854 W. Sahara Avenue*
*Las Vegas, Nevada 89117*

1     Plaintiff Suzanne L. Walsh Specialized Loan Servicing, LLC and Experian

2  Information Solutions, Inc. stipulate, pursuant to Rule 15 of the Federal Rule of

3  Civil Procedure, for leave for Plaintiff to file an Amended Complaint, a copy of

4  which is attached hereto as Exhibit A.  This stipulation is made and based upon the

5  Memorandum of Points and Authorities filed herewith.

6

7     DATED this 8th day of September 2016.

8

9                              Respectfully Submitted,

10

11                           **KAZEROUNI LAW GROUP, APC**

12    By: /s/ Michael Kind
                  Michael Kind, Esq.
13                7854 W. Sahara Avenue
                  Las Vegas, NV 89117
14                *Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Suzanne L. Walsh ("Plaintiff") seeks, and the parties stipulate and have provided written consent under Rule 15(a)(2), for Plaintiff to file the proposed Amended Complaint, attached hereto as Exhibit A.

Good cause exists to allow Plaintiff to amend.   The proposed Amended Complaint only relates to additional allegations against Specialized Loan Servicing ("SLS").   The purpose of the amendment is to clarify Plaintiff's claims against SLS and to drop certain claims against SLS (contemporaneously with this motion Plaintiff and SLS have filed a stipulation to dismiss, with prejudice, claims relating to Equifax).   There are no new allegations relating to Experian Information Solutions, Inc. ("Experian") and Experian has already settled their disputes with Plaintiff and anticipate filing dismissal documents shortly.[1]   ECF No. 48.

In the Complaint, Plaintiff alleges that SLS violated the Fair Credit Reporting Act ("FCRA") relating to a dispute letter Plaintiff sent Experian in March 2014. The Amended Complaint adds allegations relating to a second letter Plaintiff sent to Experian in July 2014.   Plaintiff contends and alleges that this letter is a dispute letter under the FCRA, that Experian was required to notify SLS regarding this dispute letter, SLS was required to conduct an investigation as a result of this dispute letter and that SLS did not do so.   The details regarding this letter became clear to Plaintiff from written discovery and depositions that took place in late July and early August.

While SLS denies any liability relating to the March or July letter, SLS stipulates and consents to this amendment under Rule 15(a)(2), reserving all rights and defenses (including the right to file a dispositive motion), under Rule 15's liberal standard, in order to avoid costly motions practice relating to whether the

---

[1] The only other remaining party in this case is Mortgage Service Center ("MSC").  Plaintiff and MSC have already filed their stipulation to dismiss Plaintiff's claims against MSC pending before this Court.  ECF No. 53.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

Court should allow the amendment and to move the case forward, all in accordance with Rule 1.

This is the first time Plaintiff has sought to amend.   While Plaintiff and SLS moved yesterday for a short extension to file dispositive motions and file the joint pre-trial order [ECF No. 52] based on this motion, the parties do not seek to reopen discovery and agree that the amendment will not cause undue delay or unduly prejudice the parties.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

IS IT THEREFORE STIPULATED and the Parties request that this Court:

(1)   allow Plaintiff to file her Amended Complaint, attached hereto as Exhibit A;

(2)   require SLS to answer or otherwise respond to the Amended Complaint within 14 days after service; and

(3)   Experian has no obligation to and is excused from answering or otherwise responding to the Amended Complaint.

DATED this 8th day of September 2016.

| | |
|---|---|
| **Kazerouni Law Group, APC** | **Ballard Spahr LLP** |
| By:  /s/ Michael Kind | By:  /s/  Matthew A. Morr |
| Michael Kind, Esq. | Matthew A. Morr, Esq. |
| 7854 W. Sahara Avenue | 1225 17th Street |
| Las Vegas, NV 89117 | Suite 2300 |
| *Attorneys for Plaintiff* | Denver, CO 80202 |
| **Snell & Wilmer LLP** | Matthew David Lamb, Esq. |
| | 1909 K Street, NW, 12th Floor |
| By:  /s/  Bob L. Olson | Washington, DC 20006-1157 |
| Bob L. Olson, Esq. | *Attorneys for Specialized Loan* |
| 3883 Howard Hughes Parkway, Suite 1100 | *Servicing, LLC* |
| Las Vegas, NV 89169 | |
| *Attorneys for Experian Information Solutions, Inc.* | |

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED:   September 27, 2016
        _____

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY pursuant to Rule 5 of the Federal Rules of Civil Procedure that on September 8, 2016, the foregoing STIPULATION FOR LEAVE TO AMEND COMPLAINT along with Exhibit A was served via CM/ECF to all parties in this case.

**KAZEROUNI LAW GROUP, APC**

By:  /s/ Michael Kind
       Michael Kind
       7854 W. Sahara Avenue
       Las Vegas, NV 89117

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

# EXHIBIT A

1  Michael Kind, Esq. (SBN: 13903)
2  KAZEROUNI LAW GROUP, APC
   7854 W. Sahara Avenue
3  Las Vegas, NV 89117
   Phone: (800) 400-6808 x7
4  FAX: (800) 520-5523
5  mkind@kazlg.com

6  David H. Krieger, Esq. (SBN: 9086)
7  HAINES & KRIEGER, LLC
   8985 S. Eastern Avenue, Suite 350
8  Henderson, Nevada 89123
9  Phone: (702) 880-5554
   FAX: (702) 385-5518
10 dkrieger@hainesandkrieger.com
11 *Attorneys for Plaintiff*

12

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SUZZANE L. WALSH,<br><br>Plaintiff,<br><br>v.<br><br>MORTGAGE SERVICE CENTER, SPECIALIZED LOAN SERVICING, LLC and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendants. | Case No.: 2:15-cv-02353-GMN-GWF<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

26 ///
27 ///
28 ///

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

**INTRODUCTION**

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Suzanne L. Walsh ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Defendants Mortgage Service Center ("MSC"), Specialized Loan Servicing, LLC ("SLS") and Experian Information Solutions, Inc ("Experian") (collectively as "Defendants"), with regard to erroneous reports of derogatory credit information to national reporting agencies

3. Defendants failed to properly investigate Plaintiff's disputes, causing harm to Plaintiff, including damaging Plaintiff's creditworthiness.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 et seq.; 28 U.S.C. §1331; *Smith v. Community Citibank, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

5.   This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

6.   Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

## PARTIES

7.   Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8.   Defendant MSC is a corporation doing business in the State of Nevada. Defendant SLS is a corporation doing business in the State of Nevada. Defendant Experian is a corporation doing business in the State of Nevada.

9.   Defendants MSC and SLS are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

10.   Defendant Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. Experian is "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f), doing business with its principal place of business in Ohio.

11.   Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## GENERAL ALLEGATIONS

12. On or about April 30, 2010, Plaintiff filed for Chapter 13 Bankruptcy, pursuant to 11 U.S.C. § 1301 *et seq.,* in the United States Bankruptcy Court for the District of Nevada. Plaintiff's case was assigned Case Number 10-17987 (the "Bankruptcy").

13. The obligations ("Debt") to each Defendant herein (as applicable) were scheduled in the Bankruptcy and each respective creditor-Defendant, or its predecessor in interest, received notice of the Bankruptcy.

14. On May 8, 2013, the Bankruptcy Court confirmed Plaintiff's Chapter 13 Plan.

15. Plaintiff timely made all payments required under the terms of the Confirmed Chapter 13 plan.

16. Defendants did not file any proceedings to declare its Debt "non dischargeable" pursuant to 11 U.S.C. § 523 et seq.

17. Defendants did not obtain relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq*. while Plaintiff's Bankruptcy was pending to pursue Plaintiff on any *personal* liability.

18. On or about August 25, 2014, Plaintiff received a Bankruptcy discharge.

19. Accordingly, the Debts to Defendants were discharged through the Bankruptcy on August 25, 2014.

20. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal and inaccurate for the creditor-Defendants to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court.

21. However, Defendants either reported or caused to be reported inaccurate information as discussed herein.

22. Defendants' failure to report consistent with the terms of the Chapter 13 plan was inaccurate since all Plaintiff's pre-bankruptcy creditors (whether eventually discharged or not) were subject to repayment pursuant to the

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

Chapter 13 plan terms while the Bankruptcy was pending and thereafter, as detailed herein.

23.   Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

24.   To help furnishers comply with their requirements under the FCRA, the Consumer Data Industry Association ("CDIA") publishes standard guidelines for reporting data called the "Metro 2 Format."

25.   The Metro 2 Format guidelines for credit reporting are nearly identical for reports made during the "Months Between Petition Filed and BK Resolution" and after "Plan Completed" for Chapter 13 Debtors and furnishers who choose to report post-bankruptcy credit information to CRAs.   See CDIA Credit Reporting Resource Guide, page 6-20, 21.

26.   Notably, the payment history and account status guidelines are the same, meaning that the "payment history" and "account status" should be reported the same way both during and after a bankruptcy proceeding.  *Id*.

27.   The only difference in reporting a pre-discharged debt and a discharged debt is to delete the balance (or report a balance of $0).  *Id*.

28.   Indeed, the guidelines direct furnishers to report an account status as it existed at the time the bankruptcy petition was filed and not the account status as it *would have* existed in the months following the filing of the petition if the petition had not been filed.  *Id*.

29.   Courts rely on such guidance to determine furnisher liability.  *See*, *e.g.*, *In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation 'Discharged in bankruptcy' and with a zero balance due").

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

30.   Defendants did not conform to the Metro 2 Format when reporting on Plaintiff's accounts after Plaintiff filed Bankruptcy as further set forth below. To this end, the adverse reporting on Plaintiff's report departs from the credit industry's own reporting standards and was therefore inaccurate under the CDIA's standards as well.

**MORTGAGE SERVICE CENTER MISREPORTED CREDIT INFORMATION RE: ACCOUNT NO. 954600621***

31.   In an Experian credit report dated February 11, 2015, MSC inaccurately reported that the account was "past due" from August 2012 through May 2014 (180 days past due).  This was inaccurate in-and-of-itself since Plaintiff was not past due on the account from August 2012 through May 2014 and was current with all his obligations to MSC during his Chapter 13 Bankruptcy.  Accordingly, MSC's reporting that Plaintiff was past due from August 2012 through May 2014 was inaccurate and misleading since Plaintiff was fully performing under his obligations to MSC when MSC and Experian was reporting the account as "past due."

32.   MSC also reported inaccurate balances from February 2013 through May 2014.  The balances were inaccurate and misleading since MSC reported the information based on MSC's pre-bankruptcy contract terms with Plaintiff, which were no longer enforceable upon the Chapter 2013 filing.  The adverse information reported by MSC were based on MSC's improper enforcement and reporting of pre-bankruptcy obligations, where such reporting failed to comply with the payment structure set forth in Plaintiff's Chapter 13 Plan. Failing to report consistent with the terms of the Chapter 13 plan was inaccurate, since MSC was subject to repayment pursuant to the Chapter 13 plan terms while the Bankruptcy was pending and thereafter.

33.   On or about March 18, 2015, Plaintiff disputed MSC's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian,

in writing, of the incorrect and inaccurate credit information furnished by MSC.

34.   Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

> This account was discharged in my Bankruptcy which was filed on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Aug2012 — May2014 (180 days past due).

> This account was discharged in my Bankruptcy which was filed on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, in the Account history you show Account Balances from Feb13 — May14.

35.   The Experian Dispute Letter further requested:

> Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

> The discharged debt should be reported with an account balance of $0 with a status of "current".

> Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 6/20/2010, since a default on this account occurred no later than the Bankruptcy filing date.

> Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

> If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

in my credit report of all of the disputed information contained in this letter regarding this account.

36. Upon receiving the Experian Dispute Letter, Experian timely notified MSC of Plaintiff's dispute, but Experian and MSC continued reporting derogatory information.

37. Experian and MSC were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

38. On or about April 13, 2015, Plaintiff received notification from Experian that it received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

39. A reasonable investigation by Experian and MSC would have indicated that Plaintiff timely performed all obligations to MSC after filing for Chapter 13 bankruptcy, triggering Experian and MSC to correct the disputed information.

40. Experian and MSC, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

41. Experian and MSC failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

42. Due to Experian's and MSC's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

43. Experian and MSC re-reported the inaccurate derogatory information on Plaintiff's report.   Specifically, Experian and MSC re-reported that the account was past due from August 2012 through May 2014 (180 days past due), even though Plaintiff was not past due during these months, and inaccurate account balances from April 2013 through May 2014.

44. Plaintiff's continued efforts to correct Experian's and MSC's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Experian and MSC was fruitless.

45. Experian's and MSC's continued inaccurate and negative reporting of the Debt in light of their knowledge of the actual error was willful.  Plaintiff is, accordingly, eligible for statutory damages.

46. Also as a result of Experian's and MSC's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to Plaintiff's creditworthiness, and emotional distress.

47. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of their errors, Experian and MSC failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**MORTGAGE SERVICE CENTER MISREPORTED CREDIT INFORMATION**
**RE: ACCOUNT NO. 954600795\***

48. In an Experian credit report dated February 11, 2015, MSC inaccurately reported that the account was "past due" from March 2014 through June 2014 (30 days past due).  This was inaccurate in-and-of-itself since Plaintiff was not past due on the account from March 2014 through June 2014 and was current with all his obligations to MSC during his Chapter 13 Bankruptcy. Accordingly, MSC's reporting that Plaintiff was past due from March 2014 through June 2014 was inaccurate and misleading since Plaintiff was fully performing under his obligations to MSC when MSC and Experian was reporting the account as "past due."

49. MSC also reported inaccurate balances from February 2013 through August 2014.  The balances were inaccurate and misleading since MSC reported the

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

information based on MSC's pre-bankruptcy contract terms with Plaintiff, which were no longer enforceable upon the Chapter 2013 filing. The adverse information reported by MSC were based on MSC's improper enforcement and reporting of pre-bankruptcy obligations, where such reporting failed to comply with the payment structure set forth in Plaintiff's Chapter 13 Plan. Failing to report consistent with the terms of the Chapter 13 plan was inaccurate, since MSC was subject to repayment pursuant to the Chapter 13 plan terms while the Bankruptcy was pending and thereafter.

50.    On or about March 18, 2015, Plaintiff disputed MSC's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by MSC.

51.    Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

> This account was discharged in my Bankruptcy which was filed on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Mar2014 and Jun2014 (30 days past due).

> This account was discharged in my Bankruptcy which was filed on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, in the Account history you show Account Balances from Feb13 — Aug14.

52.    The Experian Dispute Letter further requested:

> Immediately delete this account and the disputed derogatory

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

information from [Plaintiff's] credit report.

The discharged debt should be reported with an account balance of $0 with a status of "current".

Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 6/20/2010, since a default on this account occurred no later than the Bankruptcy filing date.

Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

53.   Upon receiving the Experian Dispute Letter, Experian timely notified MSC of Plaintiff's dispute, but Experian and MSC continued reporting derogatory information.

54.   Experian and MSC were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

55.   On or about April 13, 2015, Plaintiff received notification from Experian that it received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

56.   A reasonable investigation by Experian and MSC would have indicated that Plaintiff timely performed all obligations to MSC after filing for Chapter 13 bankruptcy, triggering Experian and MSC to correct the disputed information.

57.   Experian and MSC, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

58. Experian and MSC failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

59. Due to Experian's and MSC's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

60. Experian and MSC re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Experian and MSC re-reported that the account was past due from March 2014 through June 2014 (30 days past due), even though Plaintiff was not past due during these months, and inaccurate account balances from April 2013 through August 2014.

61. Plaintiff's continued efforts to correct Experian's and MSC's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Experian and MSC was fruitless.

62. Experian's and MSC's continued inaccurate and negative reporting of the Debt in light of their knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

63. Also as a result of Experian's and MSC's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to Plaintiff's creditworthiness, and emotional distress.

64. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of their errors, Experian and MSC failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

**SPECIALIZED LOAN SERVICING, LLC MISREPORTED CREDIT INFORMATION**

**RE: ACCOUNT NO. 100876\***

**— THE MARCH DISPUTE —**

65.   In an Experian credit report dated February 11, 2015, SLS inaccurately reported that Plaintiff owed a balance of over $76,000 from September 2014 through October 2014.   This was inaccurate since Plaintiff did not owe a balance from August 2014 because Plaintiff discharged SLS's debt in August 2014.  There was a $0 balance due any time after the debt was discharged in August 2014 and SLS's reporting of account balances in September 2014 and October 2014 was inaccurate.

66.   On or about March 18, 2015, Plaintiff disputed SLS's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by SLS.

67.   Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

> This account was discharged in my Bankruptcy which was f led on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show balances from Sep14 — Oct14.

68.   The Experian Dispute Letter further requested:

> Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

> The discharged debt should be reported with an account balance of $0 with a status of "current".

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

> Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/30/2010, since a default on this account occurred no later than the Bankruptcy filing date.
>
> Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
>
> If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

69. Upon receiving the Experian Dispute Letter, Experian was required to notify SLS of Plaintiff's dispute pursuant to 15 U.S.C. §1681i.

70. SLS was required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

71. On or about April 13, 2015, Plaintiff received notification from Experian that it received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

72. A reasonable investigation by Experian and SLS would have indicated that SLS's debt was discharged in Plaintiff's Chapter 13 bankruptcy, triggering Experian and SLS to correct the disputed information.

73. Experian and SLS, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

74. Experian and SLS failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

75. Due to Experian's and SLS's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. §

1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

76. Experian and SLS re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Experian and SLS re-reported that Plaintiff owed balances from September 2014 through October 2014, even though SLS's debt had been discharged in August 2014.

77. Plaintiff's continued efforts to correct Experian's and SLS's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Experian and SLS was fruitless.

78. Experian's and SLS's continued inaccurate and negative reporting of the Debt in light of their knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

79. Also as a result of Experian's and SLS's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to Plaintiff's creditworthiness, and emotional distress.

80. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of their errors, Experian and SLS failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**SPECIALIZED LOAN SERVICING, LLC MISREPORTED CREDIT INFORMATION**

**RE: ACCOUNT NO. 100876\***

**— THE JULY DISPUTE —**

81. In an Experian credit report dated April 13, 2015, SLS inaccurately reported that Plaintiff owed a balance of over $76,000 from September 2014 through October 2014. This was inaccurate since Plaintiff did not owe a balance from August 2014 because Plaintiff discharged SLS's debt in August 2014. There

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

was a $0 balance due any time after the debt was discharged in August 2014 and SLS's reporting of account balances in September 2014 and October 2014 was inaccurate.

82. On or about July 8, 2015, Plaintiff disputed SLS's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by SLS.

83. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

> This account was discharged in my Bankruptcy which was f led on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show balances from Sep14 — Oct14.

84. The Experian Dispute Letter further requested:

> Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.
>
> The discharged debt should be reported with an account balance of $0 with a status of "current".
>
> Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/30/2010, since a default on this account occurred no later than the Bankruptcy filing date.
>
> Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
>
> If [Experian] do[es] not immediately delete this from

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

[Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

85.  Upon receiving the Experian Dispute Letter, Experian gave notice to SLS of Plaintiff's dispute pursuant to 15 U.S.C. §1681i on July 22, 2016.

86.  SLS was required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681s-2(b).

87.  SLS responded to Experian on July 23, 2016.

88.  On or about August 7, 2015, Plaintiff received notification from Experian that it investigated Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account "may be considered negative."

89.  A reasonable investigation by Experian and SLS would have indicated that SLS's debt was discharged in Plaintiff's Chapter 13 bankruptcy, triggering Experian and SLS to correct the disputed information.

90.  Experian and SLS, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

91.  Experian and SLS failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

92.  Due to Experian's and SLS's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

93.  Experian and SLS re-reported the inaccurate derogatory information on Plaintiff's report.  Specifically, Experian and SLS re-reported that Plaintiff owed balances from September 2014 through October 2014, even though SLS's debt had been discharged in August 2014.

94. Plaintiff's continued efforts to correct Experian's and SLS's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Experian and SLS was fruitless.

95. Experian's and SLS's continued inaccurate and negative reporting of the Debt in light of their knowledge of the actual error was willful.   Plaintiff is, accordingly, eligible for statutory damages.

96. Also as a result of Experian's and SLS's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to Plaintiff's creditworthiness, and emotional distress.

97. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of their errors, Experian and SLS failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E)

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)

98. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

99. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

100. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117

1    reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from

2    Defendants.

3   101.  As a result of each and every negligent noncompliance of the FCRA, Plaintiff

4    is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §

5    1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §

6    1681o(a)(2) from Defendants.

7                           **PRAYER FOR RELIEF**

8    Plaintiff respectfully requests the Court grant Plaintiff the following relief

9   against Defendants:

10                      **FIRST CAUSE OF ACTION**

11       **VIOLATION OF THE FAIR CREDIT REPORTING ACT**

12            **15 U.S.C. § 1681 ET SEQ. (FCRA)**

13  • an award of actual damages pursuant to 15 U.S.C. § 1681n(a)
14     (1);

15  • an award of statutory damages pursuant to 15 U.S.C. §
16     1681n(a)(1);

17  • an award of punitive damages as the Court may allow
18     pursuant to 15 U.S.C. § 1681n(a)(2);

19  • award of costs of litigation and reasonable attorney's fees,
20     pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)
21     (a)(1) against Defendants for each incident of negligent
       noncompliance of the FCRA; and
22

23  • any other relief the Court may deem just and proper.

24

25  ///

26  ///

27  ///

28  ///

**TRIAL BY JURY**

102.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


DATED this _____ day of September 2016.


Respectfully Submitted,


**KAZEROUNI LAW GROUP, APC**

By:  /s/ Michael Kind_____
        Michael Kind, Esq.
        7854 W. Sahara Avenue
        Las Vegas, NV 89117
        *Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, Nevada 89117